UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| CHARLES S. ETENBURN, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | Cause No. 4:11 CV 1181 RWS |
| JEFF NORMAN, | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before me on a Report and Recommendation that I deny Petitioner Charles Etenburn's writ of habeas corpus under 28 U.S.C. § 2254. I referred this matter to United States Magistrate Judge Mary Ann L. Medler for a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b). On February 10, 2012, Judge Medler filed her recommendation that Etenburn's habeas petition should be denied. Etenburn raises one objection to the Report and Recommendation [#19]. I have conduced a de novo review of all matters relevant to the petition and address the objection below.

Petitioner argues that the Magistrate Judge improperly recommended that Grounds 3 and 4 of his Section 2254 Petition are procedurally defaulted. In her recommendation that Grounds 3 and 4 are procedurally defaulted, the Magistrate Judge relied on the familiar standard that "ineffective assistance of post-conviction counsel cannot be imputed to the state and cannot constitute the cause and prejudice necessary to excuse a procedural default." Nave v. Delo, 62 F.3d 1024, 1033-34 (8th Cir. 1995) (citing Coleman v Thompson, 501 U.S. 722, 751-55 (1961). However, on March 20, 2012, after the Magistrate Judge issued her Recommendation, the United States Supreme Court announced a "narrow exception" to Coleman. The Supreme Court

indicated that "inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim on ineffective assistance at trial." Martinez v. Ryan, 132 S. Ct. 1309, 1315 (2012). The Court went on to indicate that,

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

Id. at 1320.

As a result of the narrow exception announced by the Supreme Court subsequent to the Magistrate Judge issuing her Report and Recommendation, I will conduct a *de novo* review of whether Grounds 3 and 4 are procedurally defaulted.

*Grounds 3*

In Ground 3, Petitioner argues that he unknowingly entered a guilty plea. Petitioner argues that the Magistrate Judge improperly failed to apply the narrow exception the United States Supreme Court announced in Martinez when analyzing whether Ground 3 is procedurally defaulted. Martinez announced a narrow exception under which a petitioner may establish cause for the procedural default of a claim of *ineffective assistance of trial counsel* claim. Ground 3 does not assert a claim of ineffective assistance of trial counsel. Instead, in Ground 3, Petitioner alleges that he unknowingly entered a guilty plea. Petitioner failed to assert this claim on direct appeal, and as a result, he procedurally defaulted Ground 3. Dejan v. U.S., 208 F.3d 682, 686 (8th Cir. 2000).

To the extent Petitioner asserts the procedural default of Ground 3 should be excused due to the allegedly ineffective assistance of his post-conviction counsel, I find Petitioner's argument

unpersuasive. It was not Petitioner's failure to assert this claim in his post-conviction petition that resulted in the procedural default of Ground 3. Instead, Ground 3 is procedurally defaulted as a result of Petitioner's failure to assert this claim on direct appeal. As a result, Petitioner's objection that Ground 3 is not procedurally default is denied.[1]

*Ground 4*

Petitioner also argues that the Martinez rule applies to the procedural default analysis of Ground 4. In Ground 4, Petitioner argues trial counsel provided ineffective assistance for failing to inform Petitioner of his right to withdraw his guilty plea when the sentencing court amended the condition or order for Petitioner to appear on time to the sheriff's department. Petitioner argues that his procedural default of Ground 4 is excused by his post-conviction counsel's failure to develop the factual and legal basis of his defaulted claims.

In Martinez, the United States Supreme Court held that

> when a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances. The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit.

---

[1] In addition, if I were to consider the merits of Ground 3, I would find that it is without merit. As the Magistrate Judge recommended, the transcript of Petitioner's plea hearing clearly indicates Petitioner knowingly and wilfully entered a guilty plea and understood the terms of his temporary release. Resp. Ex. B. at 41-51.

Martinez, 132 S.Ct. at 1318.

Petitioner was represented by appointed counsel during his pursuit of post-conviction relief under Rule 24.035. In Missouri, similar to the Arizona law considered in Martinez, a claim for ineffective assistance of trial counsel may not be raised on direct appeal. Arnold v. Dormire, 675 F.3d 1082, 1087 (8th Cir. 2012). However, I find that Petitioner's underlying ineffective assistance of trial counsel claim is not substantial because it is without merit. In order to prevail on his ineffective assistance of trial counsel claim, Petitioner must show both that trial counsel's performance was unreasonable and that Petitioner was prejudiced by counsel's performance. Strickland v. Washington, 466 U.S. 668, 687 (1984). Here, Petition cannot show that he was prejudiced by counsel's performance. Petitioner testified before the sentencing court that he understood that if he did not report back at the time set by the court, he would not receive 120 days of general shock incarceration, but that he would receive 30 years incarceration. Petitioner and the Sentencing Court had the following exchange:

> THE COURT: Now, sir, what guarantee do I have that you will report back to this court to go down to the penitentiary?
>
> THE DEFENDANT: I can tell you, Your Honor, that I will appear. I have 30 years of my life hanging over my head right now.
>
> THE COURT: All right. You understand that if you don't show up...
>
> THE DEFENDANT: I sure do.
>
> THE COURT: ...that you won't get second chances, and you won't be going down for 120 [days], but it'll be...
>
> THE DEFENDANT: 30 years.
>
> THE COURT: 30 years?

THE DEFENDANT: I fully understand that.

Resp. Ex. B. at 51-52. The record clearly demonstrates the Petitioner understood the consequences that would result from his failure to report back to the court to be incarcerated and, as a result, Petitioner cannot establish that he was prejudiced by his trial counsel's alleged ineffectiveness. Petitioner has failed to show that the procedurally defaulted claim he asserts in Ground 4 is substantial or has "some merit." As a result, the relief he seeks will be denied.[2]

The remainder of the Petitioner's Objection reiterates his previously asserted arguments and does not assert any additional specific objections to the Magistrate Judge's Report and Recommendation.

*Conclusion*

After careful consideration, I will adopt and sustain the thorough reasoning of Magistrate Judge Medler for all matter considered except the analysis of whether Ground 4 is procedurally defaulted. As indicated above, applying the standard recently announced in Martinez v. Ryan, 132 S. Ct. 1309, 1315 (2012), I find that Grounds 4 is procedurally defaulted. I will deny Etenburn's habeas petition and motion for stay and abeyance.

I have also considered whether to issue a certificate of appealability. To grant a certificate of appealability, a court must find a substantial showing of the denial of a federal constitutional right. See Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. Cox v. Norris, 133 F.3d 565,

---

[2]The remainder of the Petitioner's Objection reiterates his previously asserted arguments and does not assert any additional specific objections to the Magistrate Judge's Report and Recommendation.

569 (8th cir. 1997) (citing Fleiger v. Delo, 16 F.3d 878, 882-82 (8th Cir. 1994).

I believe that Petitioner has not made such a showing on the grounds raised in his petition. Therefore, I will not issue a certificate of appealability. Accordingly,

**IT IS HEREBY ORDERED that** the Report and Recommendation filed on February 10, 2012 is **SUSTAINED, ADOPTED AND INCORPORATED** herein, except to the extent the Magistrate Judge considered whether Ground 4 is procedurally defaulted.

**IT IS FURTHER ORDERED that** Petitioner Charles Etenburn's Petition for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED that** Petitioner Charles Etenburn's Motion for Stay and Abeyance [#16] is **DENIED**.

**IT IS FURTHER ORDERED that** the Court will not issue a certificate of appealability. A separate Judgment in accordance with this Memorandum and Order is entered this same date.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 24th day of July, 2012.